COVINGTON, Judge.
Clarence Frett was tried and found guilty of two counts of robbery with a firearm, resisting arrest without violence, and possession of cocaine. On appeal he argues that his conviction should be reversed because he was not present during a critical stage of the criminal proceedings against him. We agree and remand for a new trial.
About a month before his trial was to begin, Frett filed a motion to dismiss his court-appointed counsel, Tracy Lee. A hearing was held in which Frett, Lee, and the prosecutor were present. In essence, Frett argued to the court that since his attorney “did not want to fight” his case, he should be removed. During the hearing Lee also asked that he be dismissed as Frett’s counsel, noting that he was concerned that he would be the subject of a bar grievance. However, the court inquired of both Lee and Frett and concluded that Lee’s representation of Frett was adequate. Consequently, the court did not allow Lee to withdraw.
The morning of trial, Lee asked for an ex parte communication with the court. While the prosecutor was advised that a dialogue between Lee and the court was about to take place, Frett was not likewise informed. During the ex parte hearing, Lee moved to withdraw as Frett’s counsel because he was “very concerned about [his] ability to effectively represent him.”
According to Lee, there were two reasons why he should be allowed to withdraw as Frett’s lawyer. First, Frett had, indeed, filed the bar grievance complaint against him, and second, he believed that Frett was possibly going to perjure himself on the witness stand. Lee told the court that not only would he have difficulty cross-examining witnesses, but that he would not be able to call Frett to testify in light of the information that Frett had given him. Consequently, Lee did not think that he could ethically represent his client.
In denying the motion to withdraw, the trial court informed Lee that he needed to admonish his client to tell the truth. The trial court further advised Lee of the proper protocol to follow if he believed his client would be offering or had, in fact, given perjured testimony. At the conclusion of the ex parte hearing, Frett was brought back into the courtroom. The trial court noted that there had been an ex parte discussion, but Frett was not informed of its nature or substance.
Frett contends that because he was not present at the “private conference” between the court and his counsel, he was denied his right to a fair trial. In reviewing this matter, we begin with the premise that Frett “is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.” Kentucky v. Stincer, 482 U.S. 730, 745, 107 *579 S.Ct. 2658, 96 L.Ed.2d 631 (1987). Thus, we must determine whether the “in camera discussion could have had an effect on the fairness of the proceedings against [the defendant].” Rose v. State, 617 So.2d 291, 296 (Fla.1993).
Because he was not present at the ex parte hearing, Frett did not know that Lee was “very concerned” about his ability to be an effective advocate. Although Frett was aware that Lee previously had asked to withdraw from the case, Lee had told the court at that time that he wanted to withdraw because of Frett’s allegations against him and his fears that Frett might file a bar grievance. Lee never stated at that earlier hearing that he had any doubt as to his ability to adequately represent Frett. At the ex parte hearing, however, a different scenario emerged. While Lee did tell the court that he wanted to withdraw because Frett had, in fact, filed the threatened bar grievance against him, Lee’s primary concern was that he could no longer be an effective advocate for Frett.
Frett was prejudiced by his absence at the hearing since he was denied a crucial piece of information — Lee’s statement that in light of the circumstances he could not be effective. While we can only speculate as to whether Frett would have requested to represent himself if he had been privy to Lee’s sentiments, “it is certain that he was not fairly treated by being subjected, in his absence, to what was said by his counsel to the court.” People v. Blye, 233 Cal.App.2d 143, 43 Cal.Rptr. 231, 236 (1965).
This case is different from Rose, 617 So.2d 291, relied on by the State at oral argument. Rose argued that prejudicial error had occurred based on an ex parte conversation between his attorney and the court. Id. at 296. As in the instant case, the attorney had asked for permission to withdraw, citing a number of reasons including the fact that “he was beginning to lose confidence in himself.” Id. at 295. The trial judge told defense counsel to “think about the matter” and that she would allow the lawyer to withdraw if his doubts would “undercut his representation.” Id. In contrast to the case at bar, however, the defense counsel in Rose subsequently “determined that he could overcome his negative feelings and their differences, and he indicated that he would continue on the case.” Id.
While Rose had a lawyer who had been given the opportunity to withdraw from representation and chose to stay, Frett did not. In fact, Frett continued to have a lawyer who was “very concerned” about his ability to do a good job for his client. Frett was entitled to know this information. That way, Frett could decide if he wanted Lee to remain on the case or if he wanted to move to dismiss his counsel and take advantage of the opportunity to represent himself. Because he was not present at the stage of the proceedings where this critical information was disclosed, Frett’s due process rights were violated. He is entitled to a new trial.
In light of our remand for new trial, we need not address Frett’s request that the $2 court cost be stricken from the written judgment. We do note that the State conceded error on this point and agreed that the scrivener’s error should be corrected.
We therefore reverse Frett’s conviction and remand for a new trial.
Reversed and remanded.
STRINGER and KELLY, JJ., Concur.